**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| George Arthur Richie, | No. CV-18-03978-PHX-DLR (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

Before the Court is Magistrate Judge Deborah M. Fine's Report and Recommendation ("R&R") (Doc. 15) recommending that Petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 (Doc. 1), be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. 15 at 16-17.) Petitioner filed an objection to the R&R on December 12, 2019, (Doc. 16), and Respondents filed their response on December 11, 2019 (Doc. 17.)

The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Magistrate Judge correctly found that Petitioner has not made a substantial showing of the denial of a constitutional right.

Petitioner's first claim is that the State violated the *Brady* rule by preventing the jury from learning about former Officer Morris' history of criminal conduct, including false reporting. The Magistrate Judge correctly found that Petitioner failed to establish the three elements to a *Brady* violation: (1) the evidence at issue is favorable to the

accused, (2) that evidence was suppressed by the state, willfully or inadvertently and (3) the defendant was prejudiced. *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). The record shows that Petitioner and his attorney were aware of Officer Morris's history. In fact, on the first day of trial, the trial court considered the State's motion to exclude evidence of Morris' criminal charges. Because Petitioner and his counsel were aware of Morris' charges before trial, there is no basis to claim that the information about those charges was withheld or suppressed. The State's decision not to call Morris as a witness at trial is not evidence of suppression of *Brady* material. Morris' history had been disclosed to the defense, who had the opportunity to subpoena Morris for trial.

Petitioner has also failed to show prejudice by failing to establish that his trial outcome would have been different if Morris had been called as a witness and evidence of his criminal charges had come out. The record shows, and Petitioner has not presented evidence to the contrary, that the Court of Appeals accurately summed up Officer Morris' involvement in the investigation of the case against Petitioner as "limited" and "not critical." (Doc. 9-1 at 53.) The Court of Appeals found that although Morris executed Petitioner's arrest, the record shows that it was Detective Zelman-Lopez-- the undercover officer who made the drug deal with Petitioner and a trial witness--who made the determination that the photograph pulled from DMV records by Morris was the person who sold the methamphetamine. (*Id.*)

Petitioner's second claim is that his Confrontation Clause protections under the Sixth Amendment were violated by the prosecution's failure to call Officer Morris as a witness at trial. The Magistrate Judge correctly found no Confrontation Clause violation. Petitioner's Confrontation Clause claim rests on the admission of Petitioner's DMV identification information, a certified public record. The Confrontation Clause is violated in cases where testimonial evidence is admitted without the opportunity for cross examination of the person providing that evidence. *Crawford v. Washington*, 541 U.S. 36, 56 (2004) However, as indicated at page 14 of the R&R, certified public records "are not themselves testimonial in nature and . . . these records do not fall within the

prohibition established by the Supreme Court in Crawford." *United States v. Weiland*, 420 F. 3d 1062, 1077 (9th Cir. 2005) (citing *Crawford v. Washington*, 541 U.S. 36, 56 (2004)).

The record reveals that Morris, who did not testify, showed Detective Zelman-Lopez the nontestimonial evidence contained in a public record, Petitioner's driver's license photograph. The testimonial evidence of identification came from Detective Zelman-Lopez, not from Morris. Detective Zelman-Lopez identified Petitioner as the person in the driver's license photograph and as the person who sold him the methamphetamine. Detective Zelman-Lopez, as a trial witness, was subject to cross examination. There was no Confrontation Clause violation.

Petitioner's objection to the R&R (Doc. 16) raises three "errors," which will be referred to as "objections." He first argues that Detective Lopez was not truthful about the date in which he made the identification comparison of the photos. Petitioner states that the inconsistency of Morris' assertions regarding the dates he made the photo comparisons indicates that Morris committed perjury. He argues that "due to documents to the contrary det. Lopez is testifying falsely which constitute crimen falsi (perjury)." (Doc. 16 at 2.) Petitioner's argument does not indicate what documents he is relying on for this argument; but more importantly, Petitioner fails to establish the relevance of that alleged inconsistency. He does not show how cross examination of Morris, to bring out the fact of an alleged incorrect date of comparison, was relevant or how it would have changed the outcome. Further, if Morris' testimony regarding the date of the comparison was important, the defense could have subpoenaed Morris to testify at trial. Petitioner's first objection is overruled.

The Court does not fully understand Petitioner's second objection but believes he is disputing the finding that public records in his case are not testimonial. The Court understands Petitioner's further argument to be that his confrontational rights were violated when Morris was not called as a witness because when he compared the MVD photo to the surveillance photos, Morris was essentially conducting a photo lineup.

1  Petitioner's arguments are not supported by facts or law.  The facts are clear that Morris

2  is not the witness who identified the petitioner at trial, and the law is clear that the public

3  records employed in this case were not testimonial. *United States v. Weiland*, 420 F. 3d

4  1062, 1077.  Petitioner's right to confrontation was not violated.  Petitioner's second

5  objection is overruled.

6      Petitioner's third objection also objects to the R&R's finding that there was no the

7  Confrontation Clause violation.  He challenges one of the underlying premises of the

8  R&R, based on assertions in the Arizona Court of Appeals' decision, that Morris'

9  participation in the case was limited and not critical.  (Doc. 16 at 4.)  Petitioner points out

10 that it was Morris who first recognized him from MVD photo and was the arresting

11 officer.  However, it was Detective Zelman-Lopez, not Morris, who worked undercover

12 and was involved in the drug deal with Petitioner.  Detective Zelman-Lopez testified

13 about the drug transaction, explaining that he recognized Petitioner from his own

14 recollection and from the surveillance photographs taken by Detective Campinso and

15 confirming that it was the Petitioner who sold him the drugs.  Detective Campinso also

16 testified and was subject to cross examination.

17     The Magistrate Judge correctly noted that, even if the record had revealed a

18 Confrontation Clause violation, the error would have been harmless.  The Arizona Court

19 of Appeals noted that Morris' role was not critical because he was not involved in the

20 drug purchase and merely obtained records that he provided to Detective Zelman-Lopez.

21 As to the fact that Morris was involved in arresting the Petitioner, there is no indication

22 that the arrest was used as evidence in the case to prove Petitioner's guilt.  Petitioner's

23 third objection is overruled.

24     The Magistrate Judge correctly found that Petitioner has not made a substantial

25 showing of the denial of a constitutional right and that jurists of reason would not find the

26 Court's assessment of Petitioner's constitutional claims debatable or wrong. *See Slack v.*

27 *McDaniel*, 529 U.S. 473, 484 (2000).

28     **IT IS ORDERED** that the R&R (Doc. 15) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED** because reasonable jurists would not find the ruling debatable, and Petitioner has not made a substantial showing of the denial of a constitutional right.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and terminate this action.

Dated this 18th day of February, 2020.


Douglas L. Rayes
United States District Judge