**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Arthur Richie, | No. CV-18-03978-PHX-DLR |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

Before the Court are Petitioner's objections to the Court's order adopting the magistrate judge's report and recommendation ("R&R") dismissing Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with prejudice. (Docs. 22, 23.) The Court has explained to Petitioner that the Court does not provide an opportunity for a petitioner to object to a district judge's final order adopting an R&R, but must instead pursue relief, if any, as permitted by Federal Rule of Civil Procedure 60. (Doc. 21.) Petitioner nevertheless filed a document titled "Objections to the Courts Rulings." (Docs. 22, 23.) Giving Petitioner the benefit of the doubt, the Court construes this filing as a Rule 60(b) motion.

Generally, pursuant to rule 60(b), the Court may relieve a party from a final judgment for the following reasons:

  (1) mistake, inadvertence, surprise, or excusable neglect;

  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial

under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

However, in habeas cases, "using Rule 60(b) to present new claims for relief from a state court's judgment of conviction-even claims couched in the language of a true Rule 60(b) motion-circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).

Petitioner asserts two bases for relief: newly discovered facts and misconduct by an opposing party. The Court turns first to Petitioner's new evidence argument. Petitioner points to a Phoenix police department report from June 1, 2015. He provides no explanation why, with reasonable diligence, he could not have discovered this report at an earlier time. Therefore, this report does not constitute newly discovered facts that can provide a basis for Rule 60(b) relief. Next, Petitioner asserts that he is entitled to relief from judgment because state witnesses Detective Lopez, Trovato and Campisano engaged in misconduct by falsely accusing and charging Petitioner, pointing to evidence that he believes shows the inconsistency of their testimony. Petitioner's second argument does not provide a basis for relief because it relies on neither a new rule of constitutional law nor newly discovered facts.

//
//
//
//
//

**IT IS ORDERED** that Petitioner's filing, construed as a Rule 60 motion, (Docs. 22, 23) is **DENIED**.

Dated this 13th day of May, 2020.

_____
Douglas L. Rayes
United States District Judge