**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Arthur Richie, | No. CV-18-03978-PHX-DLR |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

Before the Court is Defendant's "Motion; Pursuant to Rule 59(a)-(c), Rule 60(c) of Civil Procedure Supplemental; to Objection of Court's Ruling/Rec. and Denial." (Doc. 25.) The motion is fully briefed, and for the reasons set forth herein, denied.

**I. Procedural history**

On November 14, 2019, Magistrate Judge Deborah M. Fine issued a Report and Recommendation ("R&R"), (Doc. 15), regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1.) The R&R recommended that the Petition be denied and dismissed with prejudice. Defendant filed an objection to the R&R (Doc. 16) which the Court overruled in a February 18, 2020 order, accepting the R&R and dismissing Petitioner's Petition for Writ of Habeas Corpus with prejudice. (Doc. 18.) On March 5, 2020, Petitioner filed a Motion for Extension of Time to File Objection to Judges Ruling (Doc. 20), which was denied on April 9, 2020. (Doc. 21.) Then on April 24, 2020 and on May 4, 2020, Petitioner filed new objections to the Court's rulings (Docs. 22 and

23), which the Court treated as a Rule 60 motion and denied by order on May 13, 2020. (Doc. 24.) Following that ruling, the Petitioner, yet again, challenged the Court's acceptance of the R&R, bringing this "Motion; Pursuant to Rule 59(a)-(c), Rule 60(c) of Civil Procedure Supplemental; to Objection of Court's Ruling/Rec. and Denial." (Doc. 25.)

**II. Discussion**

Petitioner's motion under Rule 59 is untimely. A Rule 59 motion must be brought within 28 days of the entry of the judgment, and this jurisdictional deadline cannot be waived. *Teresa-Molina v. Strada*, No. CV-19-02154-PHX-DJH, 2020 WL 4192268 n.1 (D. Ariz. July 21, 2020). Therefore, although Petitioner's motion is also substantively inadequate, the Court will not address the merits, as it is jurisdictionally untimely.

Similarly, if Petitioner's motion is treated as a motion for reconsideration, it is both untimely and meritless. Local Rule of Civil Procedure 7.2(g)(2) provides: "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." Petitioner has submitted his motion long past the 14-day-deadline and has made no good cause showing to justify the delay.

Petitioner also fails to show that reconsideration is appropriate. So long as the Court retains jurisdiction, it may in its discretion reconsider its rulings. That discretion should ordinarily be exercised where the judge is convinced that the ruling was wrong and rescinding it would not cause undue harm to the parties. *U.S. v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (citing *Avitia v. Metropolitan Club of Chicago, Inc.,* 49 F.3d 1219, 1227 (7th Cir.1995)). Thus, motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). Such motions should not be used for the purpose of asking a court "to rethink what the court had already

thought through — rightly or wrongly." *Defenders of Wildlife,* 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)). Petitioner seeks to re-litigate his Habeas Petition by alleging new claims that could have been presented in his original Petition. Those claims cannot be raised for the first time in motions filed after the Court dismissed his petition on the claims originally raised. Petitioner has not presented newly discovered evidence, clear error or intervening change in the law material to any timely claims.

**IT IS ORDERED** that Petitioner's "Motion; Pursuant to Rule 59(a)-(c), Rule 60(c) of Civil Procedure Supplemental; to Objection of Court's Ruling/Rec. and Denial" (Doc. 25) is **DENIED.**

Dated this 6th day of October, 2020.

Douglas L. Rayes
United States District Judge