**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Arthur Richie, | No. CV-18-03978-PHX-DLR |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

Before the Court are Petitioner's motion for summary judgment (Doc. 28) and motion pursuant to Fed. R. Civ. P. 60(c) (Doc. 29). For the following reasons, Petitioner's motions are denied.

**I. Procedural history**

On November 14, 2019, Magistrate Judge Deborah M. Fine issued a Report and Recommendation ("R&R"), (Doc. 15), regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 1.) The R&R recommended that the Petition be denied and dismissed with prejudice. Defendant filed an objection to the R&R (Doc. 16) which the Court overruled in a February 18, 2020 order, accepting the R&R and dismissing Petitioner's Petition for Writ of Habeas Corpus with prejudice. (Doc. 18.) On March 5, 2020, Petitioner filed a Motion for Extension of Time (Doc. 20), which was denied on April 9, 2020. (Doc. 21.) Then on April 24, 2020 and on May 4, 2020, Petitioner filed new objections to the Court's rulings (Docs. 22 and 23), which the Court treated as

a Rule 60 motion and denied by order on May 13, 2020.  (Doc. 24.)  Following that ruling, the Petitioner, yet again, challenged the Court's acceptance of the R&R, bringing a "Motion; Pursuant to Rule 59(a)-(c), Rule 60(c) of Civil Procedure Supplemental; to Objection of Court's Ruling/Rec. and Denial," (Doc. 25), which the Court denied.  (Doc. 30.)  On September 4, 2020, Petitioner filed a motion for summary judgment, alleging that his Rule 59 and 60 motion should be granted because Respondents failed to file a response.  (Doc. 28.)  One week later, he filed an additional Rule 60 motion.  (Doc. 29.)  The motions are now before the Court.

**II. Discussion**

Petitioner's motion for summary judgment (Doc. 28) is without merit.  Petitioner contends that he should have prevailed on his Rule 59 and 60 motion (Doc. 25) because Respondents failed to file a response thereto.  To the contrary, Respondents filed a timely response to Petitioner's motion on August 26, 2020.  (Doc. 27.)  Petitioner provides no other basis for the granting of his motion for summary judgment.  Consequently, the Court will deny it.

Petitioner's Rule 60 motion is similarly meritless.  Although he cites to Rule 60(c), it appears that Petitioner seeks relief under Fed. R. Civ. P. 60(b)(3), for his motion alleges that the deputy county attorney committed "two acts of fraud on the court." (Doc. 29 at 1.) Motions for reconsideration should not be used for the purpose of asking a court "to rethink what the court had already thought through — rightly or wrongly." *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)).  Petitioner's allegations of fraud on the court are merely a repackaging of arguments he has previously made, which the Court has rejected.   Petitioner has not otherwise provided any basis for the Court to grant reconsideration in this matter.

/ / /

/ / /

/ / /

1   **IT IS ORDERED** that Petitioner's motions (Docs. 28, 29) are **DENIED.**

2   Dated this 14th day of December, 2020.

3

4

5   _____
    Douglas L. Rayes
6   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28